FILED
AUG 28 2024
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 23-cr-235-AMM-NAD |
| ) | |
| RODRIQUEZ JAMAL NEEDHAM ) | |

## PLEA AGREEMENT

The United States of America and defendant Rodriquez Jamal Needham hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney agrees to Dismiss COUNT TWO of the indictment at sentencing and further recommend the disposition specified below.

1

Defendant's Initials: R.N

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of being Possession of a Machine Gun, in violation of Title 18, United States Code, Section 922(o), as charged in

COUNT ONE is:

    a. Imprisonment for not more than 10 years;

    b. A fine of not more than $250,000, or,

    c. Both (a and b);

    d. Supervised release of not more than 3 years; and

    e. Special Assessment Fee of $100 per count.

### II. FACTUAL BASIS FOR PLEA:

**The defendant hereby stipulates to the accuracy of the following information:**

On May 24, 2023, Mountain Brook Police Department Officer Melton conducted a traffic stop of a silver Mazda 3. Officer Melton verified the license plate through dispatch and discovered the registered owner, L.W., had an outstanding warrant with Gardendale PD. Officer Melton initiated a traffic stop at the corner of Hwy 280 and Cahaba River Road. Rodriquez Jamal NEEDHAM was the driver of the vehicle and L.W. was the only passenger.

While Officer Melton spoke with NEEDHAM, Melton observed a pistol tucked under his right leg. Officer Melton asked NEEDHAM to place his hands on

Defendant's Initials: R.N

the steering wheel while he removed the firearm, a Glock .40 caliber pistol. Officer Melton verified that the pistol was not stolen and further observed that the back plate of the firearm appeared to be altered. NEEDHAM was placed in handcuffs and detained. Officer Melton read NEEDHAM his Miranda warnings and NEEDHAM agreed to speak with NEEDHAM about the firearm. Officer NEEDHAM asked about the back plate of the firearm and NEEDHAM replied, "I do modifications." NEEDHAM went on to explain how he cuts pieces of metal and alters them to fit into the back of Glock pistols.

[handwritten margin notes: "him", "JFC", "R.N"]

Officer Melton then sent pictures of the firearm to ATF Special Agent Chris Thompson. Thompson advised Officer Melton that the firearm appeared to be a "Glock switch" or a "Glock conversion device," which is installed on the firearm to make it an automatic weapon. Officer Melton asked NEEDHAM if he would be willing to speak to Special Agent Thompson about the weapon. NEEDHAM agreed to speak with SA Thompson and was transported to the Mountain Brook PD to meet with SA Thompson. Before the interview, SA Thompson inspected the Glock .40 caliber pistol and based on his training and experience, he determined the firearm to be an automatic weapon with the modifications.

Special Agent Thompson read NEEDHAM his *Miranda* rights a second time and NEEDHAM agreed to speak with SA Thompson. SA Thompson brought the firearm into the interview and NEEDHAM pointed out all the modifications he made on the firearm and detailed how he created a piece for the "back plate" and installed it on the firearm. NEEDHAM further indicated that he purchased the firearm from an individual and paid $400 for it on the street. NEEDHAM further indicated that he made the back plate modification in order to sell the firearm and it was his desire to make and sell firearms. NEEDHAM was asked why he changed the backplate, and NEEDHAM replied, "When they started making switches" in order to make the firearm fully automatic. SA Thompson asked if the firearm was fully automatic and NEEDHAM replied, "Yes sir." SA Thompson further determined that the firearm was not registered in the NFA records and that the firearm was determined to be a fully automatic weapon.

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the

Defendant's Initials: **R.N**

defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

*Rodriquez .Needham*
**RODRIQUEZ JAMAL NEEDHAM**

### III. RECOMMENDED SENTENCE:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in the offense level for acceptance of responsibility;

(b) The government will recommend a sentence at the low end of the applicable guideline range (to be determined at sentencing) at the sentencing hearing;

(c) That following the any term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3;

(d) That the defendant be required to pay a fine which will be determined by the court, said amount due and owing as of the

4

Defendant's Initials: *R.N*

date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e) That the defendant be required to pay restitution in the amount of: *Not applicable;*

(f) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

(g) The government agrees it will not proceed with federal charges as to the defendant for the firearm(s) found in the defendant's possession on June 22, 2024 at 918 Allison Bonnett Memorial Drive in Hueytown, Alabama. This agreement does not preclude any future or pending charges that the State of Alabama may initiate against the defendant.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

**In consideration of the recommended disposition of this case, I, Rodriquez Jamal Needham, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was**

5

Defendant's Initials: R.N

determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

    (b)    Any sentence imposed in excess of the advisory guideline sentencing range calculated by the court at the time sentence is imposed;

    (c)    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, Rodriquez Jamal Needham, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Rodriquez Needham*
RODRIQUEZ JAMAL NEEDHAM

Defendant's Initials: **R.N**

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept plea of

7

Defendant's Initials: **h.N**

guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration

8

Defendant's Initials: h.N

consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of 11 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO**

9

Defendant's Initials: R.N

INDUCE ME TO PLEAD GUILTY.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours.

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

| | |
|---|---|
| 08-15-24 | *Rodriquez Needham* |
| DATE | **RODRIQUEZ JAMAL NEEDHAM** |
| | Defendant |

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

| | |
|---|---|
| 8/15/24 | *[signature]* |
| DATE | **JOHN COCKRELL** |
| | Defendant's Counsel |

10

Defendant's Initials: R.N

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

8-28-24
DATE

JOHN B. FELTON
Assistant United States Attorney

11

Defendant's Initials: B.N